## Monaghan, Appellant, *v.* Coar, Appellant.

Argued April 21, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Roland J. Christy,* with him *Christy, Harry & Jones,* for plaintiffs, appellants.

*Francis Hopkinson,* with him *James J. Cloran, Roland Fleer* and *Drinker, Biddle & Reath,* for defendant, appellant.

OPINION BY MR. JUSTICE CHIDSEY, May 26, 1952:

The questioned outcome of this case in the court below derives from the following chronology of events. In April of 1942 Martha I. Stern pledged or caused to be pledged with the Fidelity-Philadelphia Trust Company certain shares of stock belonging to her as collateral security for a loan of $10,000 made by the

bank to her nephew, William S. Coar, the defendant. Subsequently, in March, 1943, defendant delivered to his aunt his judgment note for $10,000 which was entered and recorded on June 17, 1943. In March, 1945 Mrs. Stern sold some of the securities which the bank held as collateral (they had been changed from time to time), and paid off the defendant's $10,000 loan, plus the interest then due thereon. Defendant's note was cancelled and returned to him by the bank.

Mrs. Stern died on July 31, 1949 and on December 31, 1949 her executors, the present plaintiffs, issued a *scire facias* to revive the judgment entered on the judgment note. An affidavit of defense was filed averring that the note was without consideration. In this proceeding the trial judge directed a verdict for the plaintiffs, and suggested that in order to save time and inconvenience he would consider the affidavit of defense as a petition to open judgment. After hearing he ordered the judgment opened and directed that "Counsel will prepare an issue, and present the same to the court for approval." Without the ordered approval plaintiffs filed their complaint, the defendant his answer and new matter, to which plaintiffs filed a reply. A jury trial was had upon these pleadings before a different judge and a verdict was rendered for the plaintiffs in the sum of $12,353.75, representing the principal sum of $10,000 with interest. Following motions by the defendant for judgment *non obstante veredicto* and a new trial, the court entered the following order: "And Now, this 16th day of February, 1952, it is accordingly ordered and decreed that the verdict be set aside and the parties be relegated to the position which they held prior to the filing of the pleadings. It is further ordered and decreed that new pleadings be filed consistent with this opinion, to be approved by the court." Plaintiffs appealed and here ask that

judgment be entered upon the verdict. Defendant appealed and asks that judgment *non obstante veredicto* be entered, or if such judgment be refused, that the order of the court below be upheld.

The difficulties in this case were basically engendered by the pleadings. The court below in its opinion states: "The issue was never clear cut under the pleadings or at the trial, or in fact, presently. The parties are contending on divergent issues. If counsel for both parties did not agree at the trial of the cause, the jury, of course, could not be certain what was at issue. It is not to be understood from the foregoing that the Court has come to a conclusion that the verdict works an injustice. It may be that the verdict was correct, predicated either on the judgment note or on the quasi-contract, but since the pleadings are so confused and confusing, a circumstance inconsistent with the purpose of pleadings, i.e., to clarify the issues, it is felt that there *may have been an injustice done* and therefore, a new trial should be awarded. It would, however, be folly and futile to order a new trial under the same pleadings. The parties should amend their pleadings so that the issue, or issues, are made clear."

Plaintiffs contend that the court having proceeded with trial upon the pleadings, there was implied approval thereof, and that the complaint sufficiently disclosed that it was not based on the judgment note but upon an implied or quasi-contractual obligation by the defendant arising out of the payment by Mrs. Stern of the bank loan to defendant. The complaint is not entirely clear in this respect and plaintiffs' reply averring, *inter alia,* that the judgment note "ripened into a valid and enforceable obligation of defendant" bears adversely upon the claimed clarity of plaintiffs' pleading. In any event the complaint being a consequence of the court's order opening the judgment and

directing counsel "to prepare an issue", should have been predicated upon the judgment note.

The real question presented is whether the jury was enabled to intelligently render a just verdict. The trial judge admittedly was not clear as to the issue to be presented to the jury for its determination, and his charge and answer to points fully reflect his confusion. The jury's verdict could have been only a leap in the dark.

One thing clear in this case is that the verdict should not be permitted to stand. And we agree with the court's order relegating the parties to the position which they held prior to the filing of the pleadings and directing that new pleadings be filed, subject to the approval of the court.

Order affirmed. Costs to abide the event.